UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RACHEL OHANA,

                          Plaintiff,

v.

MARS PETCARE US INC.,

                          Defendant.

**MEMORANDUM AND ORDER**

21-CV-1019 (LDH) (RER)

---

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Rachel Ohana, proceeding pro se, brings this action against Defendant Mars Petcare US Inc. alleging patent infringement. Defendant moves to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(3).

## BACKGROUND[1]

    Plaintiff is a resident of Brooklyn, New York. (Compl. at 1.) Defendant is a corporation located in McLean, Virginia. (*Id.* at 2.) According to the complaint, Defendant owns the cat food company "Whiskas." (*Id.* at 4.)

    In or around 2013, Plaintiff invented a "cat-head-shaped food container." The same year, Plaintiff applied for a patent for her design but was unsuccessful "[d]ue to problems with the lawyer [she] used[.]" (*Id.*) Plaintiff then later applied for the patent herself in 2015. (*Id.*) In 2017, Plaintiff was issued a design patent for her invention—U.S. Patent No. D789,211 S (filed Dec. 2, 2015) (issued Jun. 13, 2017) (the "Patent"). (*Id.* at 7.)[2]

---

[1] The following facts are taken from the second complaint and are assumed to be true for the purposes of this memorandum and order.

[2] A copy of the Patent is attached to the complaint and is incorporated therein by reference. (*See, e.g.*, Compl. at 4, 7.) "It is well established that '[d]ocuments that are attached to the complaint or incorporated in it by reference are

In or around February 2019, Plaintiff sent an email to Defendant proposing a cat-head-shaped cat food container as a "business idea" and attaching her Patent. (*Id*. at 4.) Defendant declined the business idea and responded that it was not accepting inventions or ideas at the time. (*Id*.) Then, around July 2020, Plaintiff saw a Whiskas advertisement on YouTube showing a cat-head-shaped cat food container. (*Id*.) According to Plaintiff, the food container in the advertisement was "identical" to her patented design. (*Id*.) Plaintiff emailed Defendant to discuss the advertisement but alleges that Defendant has "refused to recognize [her] patent or provide [her] any compensation for having used [her] design." (*Id*.)

## STANDARD OF REVIEW

When a defendant moves to dismiss a patent infringement action under Federal Rule of Civil Procedure 12(b)(3), "the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Where the court relies only on the pleadings and does not hold an evidentiary hearing, a "plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alterations original) (quoting *CutCo Indus. V. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*,

---

deemed part of the pleading and may be considered.'" *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Because Plaintiff brings an action alleging patent infringement, venue is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Venue is proper under 28 U.S.C. § 1400(b) "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendant argues that venue is improper here because Plaintiff has not alleged that Defendant resides or has a place of business in this District. The Court agrees.

As an initial matter, Plaintiff alleges that Defendant resides in McLean, Virginia. (Compl. at 2). "As applied to domestic corporations, "reside[nce]" in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC*, 137 S. Ct. at 1521). Thus, based on the allegations, Defendant is not a resident of the Eastern District of New York.

Venue may still be proper in this Court if Defendant has committed acts of infringement and has a regular and established place of business in the Eastern District of New York. However, even a liberal reading of Plaintiff's complaint fails to meet the prima facie showing required. First, there are simply no allegations that the infringement occurred in this District. Indeed, Plaintiff does not allege that the infringing product is sold in this District. *See, e.g., Tour Tech. Software, Inc. v. RTV, Inc.*, 377 F. Supp. 3d 195, 202 (E.D.N.Y. 2019) (finding act of infringement prong satisfied where plaintiff alleged defendant offered products for sale in the Eastern District of New York that utilized the infringed technology). Tellingly, Plaintiff's letter

3

in opposition to Defendant's motion suggests that the cat food container in question is not even sold in the United States. (Pl.'s Ltr. Opp'n Mot. Dismiss ("Pl.'s Opp'n") at 3, ECF No. 17.)

Second, even if an act of infringement occurred in this District, there are no allegations that Defendant has a regular and established place of business here. "A regular and established place of business under the patent venue statute must be: (1) a physical place in the district; (2) regular and established; and (3) the place of the defendant." *In re Google LLC*, 949 F.3d 1338, 1340 (Fed. Cir. 2020) (quotation marks omitted). Courts in this circuit find that a "physical place" in the district "is satisfied by a branch office, sales showroom, or warehouse, . . . a table at a flea market, . . . shelf in a supermarket, . . . or even a physical data server." *Uni-Sys., LLC v. United States Tennis Ass'n Nat'l Tennis Ctr. Inc.*, No. 17-CV-147, 2020 WL 1694490, at *8 (E.D.N.Y. Apr. 7, 2020). No such allegations are made here.

At bottom, Plaintiff fails to meet the prima facie elements necessary to establish proper venue in the Eastern District of New York. Although Plaintiff argues that she was instructed to file her complaint in this Court by the "pro se help center," that contention does not permit this Court to ignore the venue requirements under 28 U.S.C. § 1400(b). (Pl.'s Opp'n at 3.) Perhaps if Plaintiff's claim was brought in the Eastern District of Virginia, where Defendant resides, a different outcome would result. Here, however, the complaint is dismissed for failure to make a prima facie showing that venue is proper in the Eastern District of New York. Because the Court dismisses the complaint for improper venue, it declines to address Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Based on the foregoing, Defendant's motion is GRANTED in PART. Plaintiff's complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(3). However, the

Court grants Plaintiff leave to file an amended complaint within 30 days from the entry of the Memorandum and Order.  If Plaintiff elects not to submit an amended complaint, or fails to do so in a timely manner, judgment dismissing the action in its entirety shall enter.  The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to the pro se litigant.

                                                    SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       February 24, 2022                  LaSHANN DeARCY HALL
                                         United States District Judge